UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LYLE CHAPMAN,

       Plaintiff,

vs.                               Case No.  3:23-cv-1257-MMH-JBT

WYETH PHARMACEUTICALS, LLC,
and ZYDUS PHARMACEUTICALS
USA, INC.,

       Defendants.

                                    /

**O R D E R**

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff initiated this

action on October 23, 2023, by filing a six-count Complaint (Doc. 1).  Upon

review, the Court finds that the Complaint constitutes an impermissible

"shotgun pleading."  A shotgun complaint contains "multiple counts where each

count adopts the allegations of all preceding counts, causing each successive

count to carry all that came before and the last count to be a combination of the

entire complaint."  <u>See</u> <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d

1313, 1321 & n.11 (11th Cir. 2015) (collecting cases).  As a result, "most of the

counts . . . contain irrelevant factual allegations and legal conclusions."

<u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293,

1295 (11th Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the

Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Counts Three through Six of the Complaint incorporate by reference "all previous paragraphs," including those in the preceding counts. Complaint ¶¶ 87, 97, 103, 108.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e

have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In addition, the Court notes that the Complaint does not comply with the typography requirements set forth in the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). <u>See</u> Local Rule 1.08(a)-(b). As such, the Court directs counsel of record in this case to review the requirements set forth in Local Rule 1.08 and ensure that all future filings are in compliance. Filings which do not comply with this or any other Local Rule may be stricken. Accordingly, it is

**ORDERED:**

1.  The Complaint (Doc. 1) is **STRICKEN**.

2.  Plaintiff shall file a corrected complaint[1] consistent with the directives of this Order on or before **November 15, 2023**. Failure to do so may result in a dismissal of this action.

---

[1] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

3.      Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, on October 25, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties