# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

LYLE CHAPMAN,

    Plaintiff,

vs.                                   Case No.   3:23-cv-1257-MMH-JBT

WYETH PHARMACEUTICALS, INC.,
and ZYDUS PHARMACEUTICALS
USA, INC.,

    Defendants.
_____/

## O R D E R

    **THIS CAUSE** is before the Court sua sponte. On May 10, 2024, Plaintiff filed Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 40; Response). Pursuant to the Local Rules of the United States District Court, Middle District of Florida (Local Rule(s)), "[a] party responding to a motion may file a legal memorandum no longer than twenty pages inclusive of all parts." See Local Rule 3.01(b) (emphasis added). Here, the Response is twenty-five pages in length, well above the twenty-page limit. As Plaintiff did not request or obtain leave to exceed the page limit, the Response is due to be stricken.

    The Court also notes that in the Response, Plaintiff, in addition to asserting that the motion to dismiss is due to be denied, alternatively requests leave to amend his complaint in the event the Court finds that his allegations

are inadequate. See Response at 25. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla., 48 F. 4th 1222, 1236 (11th Cir. 2022) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quoting Newton v. Duke Energy Fla., LLC, 895 F.3d 1270, 1277 (11th Cir. 2018))); Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(a) and 3.01(g). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of

Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same). Thus, Plaintiff is advised that, if he wishes to pursue such relief, he must file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 40) is **STRICKEN**.

2. Plaintiff shall have up to and including **May 24, 2024**, to file a response that complies with the Local Rules of this Court.

**DONE AND ORDERED** in Jacksonville, Florida this 14th day of May, 2024.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record